IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KATHLEEN M. KELLY | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | No. 09-1641 |
| NATIONAL LIABILITY & FIRE | : | |
| INSURANCE COMPANY | : | |

**MEMORANDUM**

Ludwig. J.                                                                                                                                                      July 9, 2010

This is an insurance coverage dispute. Jurisdiction is diversity. 28 U.S.C. § 1332.

On March 29, 2009, plaintiff Kathleen M. Kelly, assignee of Brian T. Gill, commenced this action in state court. The action was subsequently removed. According to the complaint, defendant National Liability & Fire Insurance Company violated the terms of a business automobile insurance policy issued by it to Gill's employer, by refusing to provide coverage to Gill for a May 13, 2005 auto accident involving Gill and plaintiff. Complaint, Count I. The complaint also alleges that the refusal to provide coverage was in bad faith. Complaint, Count II.

Defendant counterclaims under the Declaratory Judgment Act, 28 U.S.C. § 2201, and requests a determination that it was not obligated to provide coverage to Gill, and that its coverage denial was not in bad faith. It also moves for summary judgment on all claims. The motion will be granted, and judgment entered in favor of defendant and against plaintiff on both plaintiff's claims and on defendant's counterclaim.[1]

---

[1] "Summary judgment is appropriate when 'the pleadings, the discovery and disclosure materials on file, and any affidavits shows that there is no genuine issue as to any material fact

The summary judgment record establishes the following.[2] On May 13, 2005, Gill and plaintiff were involved in an auto accident. Stipulated Facts, 1. At the time, Gill was employed by PHC, and was operating his personally-owned automobile in the course of his employment. Id., 2, 3. He was insured under an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company. Id., 5. On May 9, 2007, plaintiff commenced an action against Gill in state court, to recover damages arising from the accident. Id., 4. It does not name PHC as a defendant. Id., 4. Gill received a defense from his auto insurer, State Farm. Id., 6. PHC was not joined as a third-party defendant in the state court action. Id., 7.

On September 6, 2007, Gill placed PHC on notice of the Kelly action, and shortly thereafter, PHC notified defendant. National Claims Correspondence File, Exhibit "D" to defendant's motion, at D-1. National conducted a lengthy review of possible coverage under the business auto policy issued to PHC and engaged in extensive correspondence with counsel for both Gill and Kelly. Exhibits D-2 through D-12. Ultimately, National determined that (1) no coverage was available for Gill under the policy issued to PHC, and (2) coverage would be available for PHC if it was sued in the Kelly action, but (3) PHC

---

and that the movant is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(c). In determining whether such relief is warranted, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citations omitted).

[2] The record includes the pleadings, stipulated facts, a copy of the policy, the claims investigation file generated in the course of the Kelly action, disclosures produced in this action, and responses to discovery requests.

could not be added as a defendant in the Kelly action because the applicable statute of limitations had expired. D-9, Bates no. 01390. On January 17, 2008, National issued a Claim Determination Letter denying coverage to Gill. D-10, Bates no. 1397.

On February 11, 2008, Kelly filed a "Motion for Leave to File an Amended Complaint Nunc Pro Tunc," in an effort to join PHC as a defendant in her state court personal injury action. D-13. National retained counsel to represent PHC. Stipulated Facts, 10. Counsel unsuccessfully opposed Kelly's motion, and PHC was added as a defendant in the Kelly action. Id., 8, 9. On July 14, 2008, PHC was dismissed from the Kelly action by stipulation. Id., 13.

After PHC's dismissal, Kelly and Gill proceeded to binding ADR, at which Kelly was awarded $375,000. D-25, Bates no. 2176. Pursuant to a stipulation between Kelly and Gill, Kelly accepted the limits of Gill's coverage under his State Farm policy and an assignment of Gills' rights as against National. D-24, Bates no.2087-88; D-25. Kelly commenced this action against National as assignee of Gill's rights.

Defendant contends that the terms of the National policy clearly exclude Gill from coverage. The relevant policy language is as follows, some of which is bolded:

**BUSINESS AUTO COVERAGE DECLARATIONS**

**ITEM ONE - NAMED INSURED & ADDRESS**

PHILADELPHIA HOME CARE
ONE WINDING DRIVE
PHILADELPHIA, PA 19131-2992

\* \* \* \*

## BUSINESS AUTO COVERAGE FORM

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

\* \* \* \*

**SECTION II - LIABILITY COVERAGE**

**A.     Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \* \*

**1.     Who is an Insured**

The following are "insureds":
a.     You for any covered "auto",
b.     Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

\* \* \* \*

(2)     Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

Policy, Exhibit "C" to defendant's motion, at 009-10. Gill's car was a covered "auto" under the policy. Id., Section I. A. 9.

Under the policy, coverage is available only to an "insured." PHC is the only named insured under the policy. "You" and "your" refer to the named insured - PHC. Moreover, the car Gill was driving was a covered "auto." Therefore, PHC would have been covered under the terms of the policy as an insured - and was actually provided coverage following its late joinder in the Kelly action. However, Gill is specifically

4

excluded from the definition of an insured, because at the time of the accident, he was PHC's employee and was operating a covered auto that he himself owned. Section II.A.1.b.(2). Aetna Life & Cas. v. Federal Ins. Co., 1997 WL 746189, at *5 (E.D. Pa., Nov. 26, 1997) (finding under identical language: "It is clear that provision 2(B) of the section entitled 'Who is an Insured,' excludes Phillips from coverage because she is an employee of PHS and the owner of a covered auto. Therefore, any coverage the policy might provide is available to PHS only.")

In these circumstances, Gill was not an "insured" under the policy, and defendant owed no duty to provide coverage to Gill in the Kelly action. Accordingly, judgment must be entered in favor of defendant and against plaintiff on plaintiff's breach of contract claim.

With respect to plaintiff's bad faith claim, in order to succeed on such a claim, plaintiff must prove "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). However, as noted above, under the clear language of the policy, Gill was not an "insured." Defendant's Senior Claims Examiner, who reviewed the possibility of coverage for Gill under the policy in the Kelly action, explained the above-described exclusion to counsel for both Gill and Kelly. See correspondence included in claims file and attached to defendant's motion as Exhibit "D", D-2 through D-11. Because the coverage determination was correct, as a matter of law, bad faith cannot be found. Frog, Switch &

Mfg. Co. v. Travelers, Inc., 193 F.3d 742, 750 n.9 (3d Cir. 1999) (citations omitted) (affirming district court, which "reasoned that bad faith claims cannot survive a determination that there was no duty to defend, because the court's determination that there was no potential coverage means that the insurer had good cause to refuse to defend.") Accordingly, judgment must be entered in favor of defendant on plaintiff's bad faith claim.

With respect to defendant's request for a declaration of the relative rights of the parties arising from the policy, that request, under the above facts, must be granted. An order setting forth the requested declaration accompanies this memorandum.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.